BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant represented here by employed counsel, but not at nisi prius, was indicted for intentionally selling, furnishing or giving away marijuana, a controlled substance, to Alex Smith, contrary to the provisions of the Alabama Controlled Substance Act. He was convicted by a jury. The court fixed punishment at ten years imprisonment.
Alex Smith was an undercover deputy sheriff in Lee County.
I
Appellant asserts that the trial court erred to his prejudice in overruling his objection to a question propounded by the State to its witness, Alex Smith, on re-direct examination, as follows:
“Q And how did you know this Lockhart (referring to defendant)?
A I had seen him in court, in this courtroom before, on a drug charge.”
It appears (R.18) that counsel for defendant asked the witness on cross-examination about the people he had investigated in Lee *271 County. His answer was “around sixty.” Then counsel asked the witness, “So out of that sixty, you arrested forty-five different people?” “A. ‘Yes, sir.’ ” Later, counsel for defendant asked the witness: “So you don’t know from personal experience whether these people had dealt with marijuana before or not, did you?” “A. ‘Yes, sir. Some I did.’ ”
Thus it appears that defendant opened the subject of Smith’s investigations of people in Lee County and their connection with marijuana. The question to the witness as to how he knew defendant was relevant to the cross-examination and the answer was responsive thereto. It is to be noted, however, if the words “on a drug charge” were irrelevant and immaterial, defendant did not move to exclude them or make a motion for a mistrial. There was no ruling of the court to review.
We do not think the court committed error in overruling defendant’s objection to the question.
Appellant next complains that the State failed to present a quantum “of satisfactory evidence sufficient to support the conviction.”
It appears that Alex Smith testified as to the sale and purchase; that Ralph Allred, who admittedly went with Smith to make the purchase, testified as a witness for defendant that the sale and purchase was not made. The defendant testified that Smith had never been to his house that he remembered, that he did not sell him any marijuana and that he had never seen him before. He said that he had a birthday party on the particular date of the alleged sale, and that he was pretty sure they smoked some marijuana at the time. He flatly denied making a sale to Smith or giving him any marijuana.
The conflict of evidence was for resolution of the jury.
There was no motion for a new trial.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.